**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VLADIMIR SKROBANOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:26-cv-02346 (UNA) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case without prejudice.

Plaintiff sues the United States. *See* Compl. at 1; Compl. Memo, ECF No. 1-1, at 1. He alleges that the Secret Service and other bad actors in the federal government have conspired to infiltrate and tamper with his body, brain, face, businesses, bank accounts, and email accounts, through hacking and by use of animals and a starship. *See* Compl. Memo at 2–3. He demands $10 million in damages. *See id*. at 2.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and here, Plaintiff's Complaint falls squarely into this category. This Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful

kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i), because it cannot exercise subject matter jurisdiction over such frivolous claims, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's Motion to Withdraw *Pro Se* Electronic Noticing Form, ECF No. 4, is denied as moot. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 14, 2026